(63 South. 391.)

No. 19,474.

VON SCHLEMMER v. VON SCHLEMMER.

(Nov. 3, 1913.)

*(Syllabus by the Court.)*

LANDLORD AND TENANT (§ 27*)—LEASE—FRAUD.

Those who sign deeds must be careful, and know what they are signing, because a court cannot relieve one of his obligations entered into voluntarily, unless for one of the reasons laid down in the Civil Code. The rental paid by the son to his mother for the property was a fair one, and the evidence shows that no fraud was practiced by the son on his mother, and she is therefore without right to be relieved of the obligations of her contract.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 80, 81; Dec. Dig. § 27.*]

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Suit by Genevieve Von Schlemmer against Bernard C. Von Schlemmer. Judgment for defendant, and plaintiff appeals. The legal representative of the succession of the plaintiff was made a party to the suit. Affirmed.

Edward P. Kleinert and A. J. Peters, both of New Orleans, for appellant. Oscar Schreiber, of New Orleans, for appellee.

BREAUX, C. J. The legal representative of the succession of Mrs. Genevieve Von Schlemmer, made party to this suit, asks that the judgment of the district court be reversed, and that he have judgment recognizing the rights claimed.

The succession assets consist of a piece of real estate, a residence thereon, store, bakery, machinery, baker's outfit, wagons, horses, mules, harness, and other effects part of the bakery until lately owned by Mrs. Genevieve Von Schlemmer.

About two years before her death Bernard C. Von Schlemmer, her son, became her lessee of this property for $100 per month for a period of three years with the privilege of renewing. The act of lease was passed in the year 1911.

In argument plaintiff claims in addition that the lessee bound himself to pay the principal and interest of a mortgage resting upon the property for $4,000.

Plaintiff complained of imposition on the part of her son, and charged fraud. She averred that in signing the act of lease in March, 1911, she was led to believe that it contained the condition that defendant, Bernard C. Von Schlemmer, was bound by the expressed conditions in the lease to pay the mortgage, but that, instead of containing that clause, some time afterward she became aware that she was to receive only $100 per month for three years, and that the lessee had the right of renewing the lease for five years on the same terms and conditions; that, instead of assuming the obligation as just mentioned, the act of lease was made to read that, if he chose to take up this mortgage, it would have to be paid by the succession of Bernard Von Schlemmer, the late husband; and that it was also to be one of her debts.

Fraud and misrepresentation were charged, and she averred that the notary was badly informed as to the real intention of the parties.

She urged that the property was worth a rental of $225 per month, which the defendant should be condemned to pay instead of $100 per month.

We may as well mention here, and dispose of this point at this time, that such a change in a contract, without the least evidence to justify the change, is an impossibility under the law.

The first witness for plaintiff was the young daughter of Mrs. Genevieve Von Schlemmer. Her testimony did not convince the judge of the district court, nor does it appeal to our judgment. She was evidently alert and quick in her answers. Without giving the subject much thought, she hastily made statements that do not agree with the facts of the

case, and it seems to us with the rights of the parties. This, doubtless, was done unconsciously; she evidently was very much wrought up against her brother.

Notes were given for the first rental, which was paid by the lessee. Subsequently holders of the notes did not present them for payment.

It is said that six or seven years ago some one offered $175 or $200 rental per month for the place.

Mrs. Von Schlemmer was usufructuary of the property; that is, owned one-third, and was usufructuary of two-thirds.

She was a feeble old woman and frequently ill. She had a paralytic stroke some time before the lease was signed. The lessee ran the risk of the lease expiring over night and thereby terminated.

The heirs, in testifying about the $4,000 to be paid by the lessee, are not very clear as to whether this amount was to be taken as a debt against the succession of the lessor, or whether the lessee was to pay the amount exclusively as an additional consideration for the lease. The statements in regard to these $4,000 are not at all convincing. The defendant emphatically denied that he ever promised to pay the $4,000, the asserted bonus, in addition to the regular rental for the lease of the property. He has paid all the interest due.

It is true that while the father lived the bakery prospered. Its earnings were $6,000, $7,000, and $8,000 per year. Good management, we are informed by the testimony, has very much to do with the success of a very large bakery.

The father departed this life about four years before the date of the lease by the mother to her son.

As relates to signing the lease: The deed was read by the notary, and no objection was raised to it at any time by any one. The notary, Mr. Bus. Rouen, testified that he read the deed in the presence of the lessor, Mrs. Genevieve Von Schlemmer, and of her attorney, Mr. McGloin, who was present. The following are the answers of Mr. Rouen to the questions propounded:

"Q. I show you the clause in the deed having reference to the payment of interest and the mortgage note of $4,000. Was the clause explained to her by her attorney in your presence before signing it?

"A. That clause was dictated in toto by Judge McGloin, her attorney. It was read and explained to her. The lease itself had been discussed for several days before it was signed."

Now, as to the amount of rental: Two business men, witnesses not at all related to the parties, testified that $100 per month was a fair rental for the property. Besides, the defendant testified that he bound himself to furnish board and lodging to his mother, or, if she did not choose to reside with him, he would rent a cottage, for which he bound himself to pay $18 per month.

We left the record, after having read the testimony, convinced that the plaintiff did not have a ground of action. Mrs. Von Schlemmer signed the deed of her free will and accord. The rental was not unreasonable as to amount. There would be very little safety in a notarial act as evidence if, with the evidence before us, it were possible to have the deed annulled or amended. This old lady was not imposed upon. We have never felt more confident in the correctness of a judgment.

This court has decided in several cases that those who sign deeds must be careful, and be certain that they know what they are about. Every consideration demands that the deed should govern, unless it appears that for one of the causes laid down in the Code the party is entitled to relief from the enforcement of its conditions and terms.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and the same is hereby affirmed.